UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CLAYTON, | No. C 08-01542 MHP |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| DERRAL G. ADAMS, Warden, Corcoran State Prison, | |
| Respondent. | |

In 2003, petitioner Andrew Clayton ("Clayton") was convicted and sentenced in Marin County, California for first degree murder, attempted robbery and burglary. He is now incarcerated at Corcoran State Prison in Kings County, California. Clayton has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254. His petition is now before the court for preliminary review pursuant to 28 U.S.C. section 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Venue is proper in this district because petitioner, although incarcerated in the Eastern District of California, was sentenced and convicted here in the Northern District of California. See 28 U.S.C. § 2241(d); Habeas Local Rule 2254–3(a)(1).

LEGAL STANDARD

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 4, Rules Governing Section 2254 Cases. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990), cert. denied sub nom. Hendricks v. Calderon, 517 U.S. 1111 (1996).

DISCUSSION

Petitioner Clayton was convicted and sentenced for the murder of Christopher Deming during a botched, drug-related robbery that occurred in January 2000. Clayton's defense at trial was that he was not at the scene of the shooting and that the actual shooter was George Minaidis. To prove his defense, petitioner Clayton attempted to admit the exculpatory statements of Paul Outcalt, who at the
time of petitioner's trial was a jail inmate. During the course of trial preparation in 2003, Paul Outcalt told investigators for both the prosecution and defense that he had known Minaidis all his life and that while helping Minaidis move his shop in the winter of 2000—the same year in which Deming was murdered—Minaidis admitted to Outcalt that Minaidis had been at the scene and the he, not petitioner, had shot Deming.

At Clayton's trial, the court found both Minaidis and Outcalt to be unavailable witnesses—the former for valid invocation of the Fifth Amendment privilege against self-incrimination, and the latter for simply refusing to testify, despite being held in contempt of court and despite an order that he not receive any credits against his jail sentence while held in contempt.

1 Petitioner moved to admit the hearsay statements of Minaidis and Outcalt under the exception for
2 declarations against interest. The trial court ruled that the exception did not apply because although
3 Minaidis' statement to Outcalt was against Minaidis' penal interest, Outcalt's statement to
4 investigators was not against Outcalt's penal interest. The trial court refused to admit the double
5 hearsay statements from Minaidis to Outcalt and from Outcalt to investigators.

6 Clayton now argues that the exclusion of this evidence at trial violated his due process rights
7 under the Fourteenth Amendment of the U.S. Constitution. He relies on the principle articulated by
8 the Supreme Court in Chambers v. Mississippi, 410 U.S. 284 (1973), that due process does not allow
9 directly exculpatory evidence bearing "persuasive assurances of trustworthiness" to be excluded by
10 an overly technical, mechanical application of the hearsay rule. Petitioner argues that under the
11 Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the rule articulated in Chambers
12 is "clearly established federal law" that was applied to the facts of his case in an objectively
13 unreasonable manner. 28 U.S.C. § 2254(d); Chia v. Cambra, 360 F.3d 997 (9th Cir. 2004).

14 This court finds that petitioner Clayton's petition cannot be summarily dismissed because the
15 allegations in his petition are not vague, conclusory, palpably incredible, patently frivolous or false.
16 Pursuant to 28 U.S.C. section 2243 this court finds that petitioner's due process claim requires an
17 answer from the respondent. The court orders respondent to show cause why the writ should not be
18 granted.

19

20 CONCLUSION
21 For the foregoing reasons,
22 (1) Petitioner's due process claim is cognizable.
23 (2) The clerk of this court shall, by certified mail: (a) serve a copy of this Order and a copy
24 of petitioner's petition upon the Attorney General of the State of California; and (b) serve a copy of
25 this Order upon petitioner and petitioner's attorneys.
26 (3) Pursuant to Habeas Local Rule 2254–6(b), respondent shall file an answer with this
27 court within **sixty (60) days** of the date of this order. This answer shall **SHOW CAUSE** why a writ
28

3

1  of habeas corpus should not issue and shall conform in all respects to Rule 5 of the Rules Governing
2  Section 2254 Cases and Habeas Local Rule 2254–6(b).
3      (4)  Pursuant to Habeas Local Rule 2254–6(c), petitioner shall serve and file a traverse
4  within **thirty (30) days** after respondent has filed the answer.
5      (5)  This matter shall be deemed submitted as of the date petitioner's traverse is due.  No
6  hearing will be held unless the court so orders at a later date.

8      IT IS SO ORDERED.

10  Dated: 5/6/2008

11      MARILYN HALL PATEL
    United States District Court Judge
12      Northern District of California

**United States District Court**
For the Northern District of California

4